IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01466-MSK-MJW

RUNNING FOXES PETROLEUM, INC.,

Plaintiff(s),

v.

NIGHTHAWK PRODUCTION LLC,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant's Motion for Entry of a Protective Order (docket no. 36) is GRANTED for those reasons stated below.

It is FURTHER ORDERED that the written Protective Order (docket no. 36-1) is APPROVED as amended in paragraph 18 and made an Order of Court.

I find that the decision to issue a protective order rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). I further find that Defendant has established good cause for a protective order under Fed. R. Civ. P. 26(c) and Gillard v. Boulder Valley Sch. Dist., 196 F.R.D. 382, 386 (D. Colo. 2000), and that Plaintiff and Defendant are competitors in the oil and gas industry in the Rocky Mountain Region. Moreover, I find that discovery in this case will involve the exchange of confidential information in the form of trade secrets and/or other protected propriety information, noting the claims brought within the Complaint (docket no. 5) and noting the claims and defenses outlined in the Rule 16 Civil Scheduling Order (docket no. 31). Although some of the information that Defendant seeks to be classified as "Confidential or Confidential - Attorney's Eyes Only" may already be in the public domain, there clearly will be other information that will be sought and exchanged in the discovery process by both Plaintiff and Defendant that is not currently in the public domain, and such discovery requested may fall into the category of either trade secret or other propriety information. Nevertheless, the Protective Order (docket no. 36-1) that this court has approved and an Order of Court has built into it the requirement of "good faith" determination of any information that either side believes should be designated as "Confidential or Confidential - Attorney's Eyes Only," and it provides for a procedure to challenge designations. Lastly, the Protective Order (docket no. 36-1) grants the ultimate authority to the court to either allow or deny a "Confidential or Confidential - Attorney's Eyes Only" designation. For these reasons, the subject motion (docket no. 36) should be granted.

Date: September 17, 2014