**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01466-MSK-MJW

RUNNING FOXES PETROLEUM, INC.,

      Plaintiff,

v.

NIGHTHAWK PRODUCTION LLC,

      Defendant.

---

**OPINION AND ORDER DECLINING TO**
**ADOPT RECOMMENDATION AND GRANTING, IN PART,**
**AND DENYING, IN PART, MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#51**) that the Defendant Nighthawk Production LLC's Motion to Dismiss (**#22**) be denied. The Defendant filed timely Objections (**#55**) to the Recommendation.

## I. Facts

The following facts are derived from the allegations set forth in the Complaint (**#5**), which are accepted as true for purposes of reviewing a motion to dismiss.

Over the course of several years, the Plaintiff Running Foxes Petroleum Inc. and the Defendant entered into a series of contracts pertaining to oil and gas operations on land in Colorado.

In October 2007, the parties entered into a joint operating agreement for the Middle Mist Project (the Middle Mist JOA), an oil and gas development project in Washington and Lincoln Counties. The Plaintiff was initially named the "Operator" under the Middle Mist JOA. Additionally, Article VIII, Section B of the Middle Mist JOA required any party who acquired "a

1

renewal or replacement" oil and gas lease located within the agreement area to offer to the other party the right to acquire their proportionate share of such lease.

In 2009, the Plaintiff's lease broker, Over the Hill Land Services (not a party to this action), obtained an oil and gas lease from the Knutson family, known as the Knutson Bottom Lease. Over the Hill assigned the entire working interest in the lease to the Plaintiff, subject to the landowner's royalty and an overriding royalty interest reserved by Over the Hill. The Plaintiff then conveyed a 50% working interest in the lease to the Defendant.

In December 2011, the Plaintiff and the Defendant entered into a Purchase and Sale Agreement (PSA No. 1) pertaining to a number of oil and gas leases, including the Knutson Bottom Lease. Pursuant to this agreement, the Defendant agreed to acquire 50% of the Plaintiff's remaining 50% working interest in the Knutson Bottom Lease and other leases. The agreement also provided that the Defendant would succeed as "Operator" under the Middle Mist JOA. The Plaintiff executed an assignment conveying its interest in the Knutson Bottom Lease to the Defendant and reserving an overriding royalty interest. As a result of the assignment, the Plaintiff owned a 25% working interest and the Defendant owned a 75% working interest in the Knutson Bottom Lease.

Subsequently, a number of disputes arose between the parties, which they attempted to resolve in a Settlement Agreement dated October 8, 2012. According to the Settlement Agreement, the Defendant was given an exclusive option to purchase the Plaintiff's remaining 25% working interest in the Knutson Bottom Lease and other interests through July 2013. The Defendant exercised its option and the parties executed a Purchase and Sale Agreement (PSA No. 2) by which the Plaintiff conveyed its remaining interest in the leases to the Defendant on

July 30, 2013.  The PSA No. 2 was made retroactively effective as of the date of the Settlement Agreement, October 8, 2012.

Meanwhile, during January 2013, the Defendant acquired the entire working interest in a lease known as the Knutson Top Lease.  This lease was acquired before the Knutson Bottom Lease expired and covered a portion of the lands covered by the Knutson Bottom Lease.  The Plaintiff alleges that the Knutson Top Lease is a substitute or renewal lease covering all or a portion of the lands covered by the Knutson Bottom Lease and was therefore subject to the requirements of Article VIII.B of the Middle Mist JOA.

In this lawsuit, the Plaintiff complains that the Defendant breached the Middle Mist JOA by failing to give notice that it had acquired the Knutson Top Lease and depriving the Plaintiff of its right to acquire its proportionate share (25%) in the lease, and that the Defendant acquired the Knutson Top Lease and allowed the Knutson Bottom Lease to expire for the express purpose of avoiding an obligation to pay royalties to the Plaintiff.

The Plaintiff asserts the following claims: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) "specific performance" of the Defendant's obligations under the Middle Mist JOA to offer the Plaintiff a share in the Knutson Top Lease, (4) "declaratory relief" in the form of a judgment declaring that the Plaintiff holds an interest in the Knutson Top Lease and ordering the Defendant to pay proceeds attributable to that interest, (5) breach of fiduciary duty, and (6) an "accounting" of all proceeds of production that the Defendant has received under the Knutson Top Lease.[1]  In addition, the Plaintiff seeks damages, fees, and costs.

---

[1] The Court notes that the Plaintiff's "claims" for "specific performance," "declaratory relief," and "accounting" are not claims to be pled as separate causes of action, but are rather equitable remedies tied to the breach of contract claims.  However, whether such relief will be awarded is

The Defendant moves to dismiss all of the Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  The Defendant argues that it owed the Plaintiff no duties, contractual or otherwise, at the time it acquired the Knutson Top Lease.

The matter was referred to the Magistrate Judge for a report and recommendation.  The Magistrate Judge found that the pleadings were sufficient to state plausible claims for the breach of contract, breach of the implied duty of good faith and fair dealing, and breach of fiduciary duty.  The Defendant filed timely objections to the Recommendation.

## II.  Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made.  *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in the Complaint as true and view those allegations in the light most favorable to the Plaintiff.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275

---

a matter to be addressed after the resolution of the parties' rights and obligations under the contract.  The Court therefore does not separately address these "claims" in its ruling.

(10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50.  The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts, coupled with the law establishing the elements of the claim, support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged.  *Id.* at 1950-51.  What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III.  Analysis

### A.  Contract Claims

To state a claim for breach of contract, the Plaintiff must assert (1) the existence of a contract; (2) that it performed its duties under the contract; (3) that the Defendant failed to perform under the contract, and (4) resulting damages.  In addition, a duty of good faith and fair dealing is implied in every contract and applies when one party has discretionary authority to determine certain terms of performance under the contract.  *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995).  Thus, for a claim for breach of the covenant of good faith and fair dealing, the Plaintiff must allege that the Defendant used discretion conferred to it by the contract to act dishonestly or to act outside of accepted commercial practices to deprive the

Plaintiff of the benefit of the contract. *Wells Fargo Realty Advisors Funding, Inc. v. Uioli*, 872 P.2d 1359, 1363 (Colo. App. 1994).

The Plaintiff alleges that the Defendant breached the Middle Mist JOA by failing to give it notice of acquisition of the Knutson Top Lease and thereby depriving the Plaintiff of its right to acquire a share in the lease.  The Plaintiff further alleges that the Middle Mist JOA conferred discretion on the Defendant with regard to where it would drill on lands covered by the Knutson Bottom Lease and that the Defendant "abused" its discretion by choosing *not* to drill on lands covered by the Knutson Bottom Lease, but instead acquiring the Knutson Top Lease and drilling only on lands covered by that lease.  It is alleged that, by doing so, the Defendant purposefully avoided paying royalties to the Plaintiff.  These allegations are sufficient to state plausible claims for breach of contract and breach of the covenant of good faith and fair dealing.

The Defendant argues that the Plaintiff cannot state a claim for breach of contract or breach of the covenant of good faith and fair dealing because its obligations to the Plaintiff under the Middle Mist JOA ceased to exist as of October 8, 2012.  The Defendant argues that the Plaintiff's claims under the Middle Mist JOA were "voided" by the retroactive effective date of the PSA No. 2, under which the Plaintiff relinquished all of its rights in lands covered by the Middle Mist JOA.  The Plaintiff responds that the retroactive effective date does not operate as a release of claims that had accrued under the Middle Mist JOA and therefore its claims are viable.

Although the parties view this issue as a legal one — arguing about the legal effect of the PSA No. 2's retroactive effective date on the terms of the Middle Mist JOA — the Court sees it as a factual one.  Whether the Middle Mist JOA was terminated or modified by subsequent agreements is an issue that requires evidence of the parties' conduct and intent.  The Defendant essentially argues that its purchase of the Plaintiff's remaining interest in the leases is evidence

of the parties' intent to terminate or modify the Middle Mist JOA.  However, on a motion to dismiss the Court considers only the allegations contained in the Complaint and documents attached to or referenced in the Complaint.  The Complaint itself does not allege that the Settlement Agreement and PSA No. 2 terminated the Middle Mist JOA, and the documents attached to or referenced in the Complaint do not plainly state any intent to do so.[2]  Thus, the Court agrees with the Magistrate Judge that dismissal of the claims for breach of contract and breach of the covenant of good faith and fair dealing is inappropriate at this time.

### B.  Breach of Fiduciary Duty

To state a claim for breach of a fiduciary duty, the Plaintiff must allege (1) the existence of a fiduciary duty; (2) a breach of that duty, and (3) resultant damages caused by the breach. *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993).

The breach of fiduciary duty cause of action is a tort to remedy economic harm suffered by one party due to a breach of duties owed in a fiduciary relationship.  *See Accident & Injury Medical Specialists, P.C. v. Mintz*, 279 P.3d 658, 663 (Colo. 2012).  A fiduciary relationship exists between two persons when one of them is under a duty to act for or give advice for the benefit of another upon matters within the scope of the relationship.  Some fiduciary relationships are recognized as a matter of law, such as the attorney-client relationship, while others are recognized based on the particular circumstances of the parties' relationship, such as when one party occupies a superior position relative to another and assumes a duty to act in the dependent party's best interest or where one party has extensive influence and control over the other's interests.  *See id.*

---

[2] The Court notes that the Defendant attached a "Supplemental Letter Agreement" to its motion in support of its argument.  This letter was not referenced in or attached to the Complaint.  The Court therefore does not consider it in ruling on the Defendant's motion.

A fiduciary relationship imposes on one party a duty of care that supports a tort action independent of any contractual action. *Town of Alma*, 10 P.3d at 1263. Fiduciary relationships that derive from a special relationship of trust, reliance, influence, and control are distinguishable from business relationships involving parties dealing at arm's length for mutual benefits. *See Mintz*, 279 P.3d at 663.

The Complaint contains the conclusory allegation that the Defendant breached its fiduciary duty owed to the Plaintiff by failing to perform its obligations under the Middle Mist JOA, but it does not contain any additional facts regarding the source of such duty. The Defendant argues that the Plaintiff cannot assert a claim for breach of fiduciary duty because the Middle Mist JOA plainly states that the parties are not to be considered fiduciaries.[3] The Plaintiff responds that despite that provision, the agreement created a fiduciary relationship because it explicitly imposes a duty to act in good faith, which "is central to a fiduciary's obligations."

Having reviewed the Complaint and attached documents, the Court finds that the allegations are insufficient to state a claim for breach of fiduciary duty. The Plaintiff's response confirms that duties that the Defendant allegedly tortiously breached are the same duties that the Plaintiff claims the Defendant breached under the contract. Thus, to the extent the Plaintiff alleges that the Defendant breached duties owed to it under the terms of the Middle Mist JOA,

---

[3] Article VII, Section A of the Middle Mist JOA provides:

> In their relations with each other under this agreement, the parties shall not be considered fiduciaries or to have established a confidential relationship but rather shall be free to act on an arm's-length basis in accordance with their own respective self-interest, subject, however, to the obligation of the parties to act in good faith in their dealings with each other with respect to activities hereunder.

such claim is simply a restatement of the Plaintiff's breach of contract claims.  Further, any such

claim is barred by the economic loss rule.  *See Town of Alma*, 10 P.3d at 1264 ("a party suffering

only economic loss from the breach of an express or implied contractual duty may not assert a

tort claim for such breach absent an independent duty of care under tort law").  Other than the

existence their long-standing contractual relationship, which is insufficient to create a fiduciary

duty, the Plaintiff has not alleged facts from which it could be understood that the Defendant

owed the Plaintiff a duty that is independent and not duplicative of the obligations set forth in the

contract.  Accordingly, the Court declines to adopt the Recommendation with regard to the claim

for breach of fiduciary duty.

## IV.  Conclusion

For the forgoing reasons, the Court declines to adopt the Recommendation **(#51)**.  The

Motion to Dismiss **(#22)** is granted in part and denied in part.  The claim for breach of fiduciary

duty is dismissed without prejudice.  The Plaintiff is granted 14 days leave to amend the

Complaint to cure the pleading deficiencies identified herein.

Dated this 12th day of  March, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge