IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01466-MSK-MJW

RUNNING FOXES PETROLEUM, INC.,

Plaintiff,

v.

NIGHTHAWK PRODUCTION LLC,

Defendant.

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER (Docket No. 59);**

**ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF TITLE OPINIONS (Docket No. 68); and**

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE OUT-OF-TIME SUBPOENA (Docket No. 69)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Before the Court are three motions referred to the undersigned by Chief Judge Marcia S. Krieger:

- Defendant's Motion to Dismiss First Amended Complaint for Failure to Comply with This Court's Order (Docket Nos. 59, 62, 75, 79);

- Plaintiff's Motion to Compel Production of Title Opinions (Docket Nos. 68, 70, 82, 92); and

- Plaintiff's Motion for Leave to Serve Out-of-Time Subpoena (Docket Nos. 69, 71, 83, 91).

The Court has reviewed the parties' filings, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure and case

2

law.  Now being fully informed, the Court makes the following Recommendation as to the motion to dismiss, and Orders as to the remaining motions.

## Motion to Dismiss Amended Complaint

On March 13, 2015, Chief Judge Krieger granted in part and denied in part Defendant's initial motion to dismiss.  (Docket No. 56.)  In so doing, Chief Judge Krieger granted the motion to dismiss as to Claim 5 in the original complaint, which pleaded a claim for breach of fiduciary duty.  (*Id.* at 7–9.)  Chief Judge Krieger concluded that the complaint failed to allege facts showing a fiduciary relationship between the parties, but she granted Plaintiff "14 days leave to amend the Complaint to cure the pleading deficiencies identified herein."  (*Id.*)  Plaintiff timely filed an Amended Complaint, in which Claim 5 was replaced with a new Claim 4[1] pleading a breach of the covenant of good faith and fair dealing.  (Docket No. 58.)  Plaintiff also made a small number of other edits, largely superficial, to the pleading.  Defendant now moves to dismiss the Amended Complaint, arguing that it falls outside the scope of Chief Judge Krieger's granted leave to amend and, as such, was filed without the leave of court required under Fed. R. Civ. P. 15(a)(2).

The Court disagrees with Defendant.  As noted, the original Claim 5 was brought under the label "breach of fiduciary duty," and the new Claim 4 is brought under the label "breach of the covenant of good faith and fair dealing."  But both iterations of the claim repeat the same essential theory: that as a result of Defendant's role as

---

[1] The numbering has changed because the original Claim 3 has been removed as an independent claim and added instead as subset of Claim 1.  The two claims are simply requests for two different remedies on the same legal theory, so the change is one of form, not substance.

"Operator" under their 2007 joint operating agreement, Defendant had a duty to perform under the parties' contracts in a way that paid royalties under Plaintiff's royalty interests. (*See* Docket No. 58 ¶ 89 ("*As an operator* and assignee of the Knutson Bottom Lease, Nighthawk *breached the duty of good faith and fair dealing it owed to Running Foxes as a non-operator* that had an express reservation of an ORRI in any extension, renewal, or substitute lease." (emphasis added)); *see also* Docket No. 5 ¶¶ 79–80, 89–90.) The exact same duty (a duty to protect Plaintiff's royalties, arising from the joint operating agreement) is at issue, and the exact same conduct by Defendant is alleged to breach the duty. The only change is the legal theory used to describe that duty and breach.

When Chief Judge Krieger granted Plaintiff leave to cure its pleading deficiencies, she did not limit Plaintiff to adding facts to rescue an identical legal theory. The Court sees nothing in Chief Judge Krieger's order that prevents Plaintiff from, instead, applying a slightly different legal theory to an identical set of facts and alleged injury. Accordingly, the Court recommends that Defendant's Motion to Dismiss First Amended Complaint for Failure to Comply with This Court's Order (Docket No. 59) be denied.

## Motion to Compel

Plaintiff's motion to compel argues that Defendant has waived attorney-client privilege as to certain title opinions by disclosing them to a third party. Citing *Alliance Construction Solutions, Inc. v. Department of Corrections*, 54 P.3d 861 (Colo. 2002),[2] in which the Colorado Supreme Court adopted (as relevant here) the analysis of *Upjohn*

---

[2] Because the Court sits in diversity in this case, Colorado's law of privilege applies. *See* Fed. R. Evid. 501.

4

*Co. v. United States*, 449 U.S. 383 (1981), Defendant argues that its disclosure does not waive privilege because the disclosure was to an independent contractor whose business relationship was within the subject matter of the legal advice. Defendant further argues that Plaintiff's motion is untimely under the Scheduling Order in this case, and that the documents aren't relevant in the first place.

<u>Threshold Procedural Issues</u>

As to timeliness, the Court finds that good cause exists to allow the untimely motion, because the facts justifying the motion were not known to Plaintiff until very late in the discovery window—and could not have been known despite Plaintiff's diligence. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014). As to the relevance of the records, Plaintiff argues that the title opinions would shine light on the parties' subjective understanding of contract terms that may yet be held ambiguous by the Court. Given the broad scope of discovery, and the fact that the title opinions, even if not themselves admissible, may indeed contain information leading to the discovery of admissible evidence, the Court concludes that the records are relevant. *See* Fed. R. Civ. P. 26(b)(1). Thus, the Court must address the privilege issue.

<u>Attorney-Client Privilege</u>

Plaintiff makes two attacks on Defendant's *Alliance Construction* argument. The first is to argue that the reasoning of *Alliance Construction* and *Upjohn* doesn't extend to communications from an attorney to a client's agent—stated differently, that the analysis covers only communications *from* the client's agent *to* the attorney. Plaintiff's second

argument is to deny that the independent contractor at issue here falls within the scope of *Alliance Construction*/*Upjohn*'s definition of the client's agent.

This Court has never construed the *Alliance Construction*/*Upjohn* test as applying only to communications from corporate agents to attorneys; to the contrary, this Court has frequently applied to communications from an attorney to groups of corporate agents. *See, e.g.*, *Martensen v. Koch*, 301 F.R.D. 562, 576 (D. Colo. 2014); *A.H. ex rel. Hadjih v. Evenflo Co.*, 2012 WL 1957302, at *4 (D. Colo. May 31, 2012); *Ryskamp ex rel. Boulder Growth & Income Fund v. Looney*, 2011 WL 3861437 (D. Colo. Sept. 1, 2011); *Markwest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 2007 WL 1106105, at *4 (D. Colo. Apr. 12, 2007). And this makes sense: it is well-established that the attorney-client privilege is a two-way street, and it is just as well-established that "privileged communications remain privileged even when a corporate agent shares the communication with another agent charged with acting on such issues." *Ryskamp*, 2011 WL 3861437 at *4 (citing *Genova v. Longs Peak Emergency Physicians, P.C.,* 72 P.3d 454, 462 (Colo. App. 2003)). There is no good reason to limit the *Alliance Construction*/*Upjohn* doctrine to one half of the attorney-client relationship. As a result, Plaintiff's one-way-street argument fails.

The question, instead, is whether the agent at issue in this case passes the *Alliance Construction*/*Upjohn* test. That test, framed without a focus on the direction of communication, is:

> (1) the communication must be with "an employee, agent, or independent contractor with a significant relationship not only to the [corporate] entity but also to the transaction that is the subject of the [corporate] entity's need for legal services"; (2) the entity "must demonstrate that the

> communication was made for the purpose of seeking or providing legal assistance"; (3) "the entity must show that the subject matter of the communication was within the scope of the duties provided to the entity by its employee, agent, or independent contractor"; and (4) the entity "must show that the communication was treated as confidential and only disseminated to those persons with a specific need to know its contents."

*Ryskamp*, 2011 WL 3861437, at *5 (citing *Alliance Constr.*, 54 P.3d at 869–70). Plaintiff does not dispute the third or fourth elements, and most of Plaintiff's arguments as to the first and second are based on Plaintiff's one-way-street theory. Stripped of that theory, Plaintiff's only remaining argument is that the independent contractor here had an insufficiently significant relationship to Defendant and to the transaction for which the title opinions were procured. But there is no dispute that the independent contractor was hired to do a job, and the title opinions were necessary for that job. Plaintiff's argument would limit the *Alliance Construction*/*Upjohn* test to the functional equivalent of managers—effectively negating any actual application of the test to independent contractors. This is not the law in Colorado.

Plaintiff's Motion to Compel Production of Title Opinions (Docket No. 68) is denied.

### Motion to Allow Late Subpoena

Plaintiff also seeks to serve a subpoena on the independent contractor at issue in the motion to compel. Discovery has closed, but because the Court did not resolve Defendant's initial motion to dismiss until March, Defendant's initial Answer in this case was not filed until after the close of discovery. That Answer included counterclaims, and Plaintiff argues that the independent contractor has information relevant to those counterclaims.

Whether to reopen discovery is committed to the sound discretion of this Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Several factors are to be considered:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citations omitted). Plaintiff argues that the counterclaims were not foreseeable because they concern different leases than the ones at issue in Plaintiff's complaint. Plaintiff further argues that the independent contractor's knowledge of the leases (including both the title opinions discussed above and other records related to title) are relevant to Defendant's third counterclaim, which is based on an express-warranty theory. Defendant, in turn, argues both that Plaintiff should have foreseen the factual issues, and that the discovery at issue would not be relevant to the express-warranty counterclaim.

The Court agrees with Plaintiff. Defendant expanded the scope of the case when it filed its counterclaims; while Defendant says the counterclaims were foreseeable, at no point does Defendant aver that its intention to bring the counterclaims under this docketed case (as opposed to parallel litigation) was disclosed to Plaintiff during the discovery window. Further, Plaintiff's request for a single subpoena is limited and quite reasonable. Finally, in briefing this motion, the parties engage in an extended debate as to whether Defendant's notice of title defects precludes Defendant's express-warranty counterclaim under state law. But the parties ignore the broad scope of

discovery under Rule 26(b)(1); regardless of that one narrow issue, the communications between Defendant and its independent contractor as to title issues are nonetheless reasonably calculated to lead to admissible evidence on at least some of Defendant's counterclaims.

Accordingly, Plaintiff's Motion for Leave to Serve Out-of-Time Subpoena (Docket No. 69) is granted.

### Recommendation & Orders

For the reasons stated above, the Court:

- RECOMMENDS that Defendant's Motion to Dismiss First Amended Complaint for Failure to Comply with This Court's Order (Docket No. 59) BE DENIED;

- DENIES Plaintiff's Motion to Compel Production of Title Opinions (Docket No. 68); and

- GRANTS Plaintiff's Motion for Leave to Serve Out-of-Time Subpoena (Docket No. 69).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of the above recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:  September 8, 2015             */s/ Michael J. Watanabe*
        Denver, Colorado               Michael J. Watanabe
                                       United States Magistrate Judge