**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01466-MSK-MJW

**RUNNING FOXES PETROLEUM, INC.,**

　　**Plaintiff,**

**v.**

**NIGHTHAWK PRODUCTION LLC,**

　　**Defendant.**

---

**OPINION AND ORDER ADOPTING RECOMMENDATION,**
**GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, AND**
**REVERSING AND VACATING ORDER ON MOTION TO COMPEL PRODUCTION**

---

**THIS MATTER** comes before the Court on the Defendant Nighthawk Production LLC's

Motion to Dismiss First Amended Complaint (**#59**), the Plaintiff Running Foxes Petroleum,

Inc.'s Response (**#75**), and the Defendant's Reply (**#79**).  The Magistrate Judge issued a Report

and Recommendation (**#94**) that the motion be denied.  The Defendant filed timely Objections

(**#99**) to the Recommendation, and the Plaintiff filed a Response (**#101**).

Also before the Court are the Plaintiff's Objections (**#98**) to the Magistrate Judge's

September 8, 2015 Opinion and Order (**#94, 95**) denying its Motion to Compel Production of

Title Opinions (**#68**), and the Defendant's Response (**#100**) to the Objections.

## I.  Background

The following facts are derived from the allegations set forth in the Amended Complaint

(**#58**).  Over the course of several years, the Plaintiff Running Foxes Petroleum, Inc. and the

Defendant Nighthawk Production LLC entered into a series of contracts pertaining to oil and gas

operations on land in Colorado.  As relevant here, in 2007, the parties entered into a joint

1

operating agreement for the Middle Mist Project (the Middle Mist JOA), an oil and gas development project in Washington and Lincoln Counties.  The Middle Mist JOA governed the parties' obligations to one another with respect to several jointly owned oil and gas leases.  The agreement also required any party who acquired "a renewal or replacement" oil and gas lease located within the agreement area to offer to the other party the right to acquire their proportionate share of such lease.

One of the leases subject to the Middle Mist JOA was known as the Knutson Bottom Lease.  The Plaintiff initially acquired a 100% working interest in this lease.  Subsequently, through a series of assignments, the Plaintiff assigned portions of its working interest in the lease to the Defendant.  The Plaintiff alleges, however, that in a document known as Assignment No.3, it retained for itself an overriding royalty interest in the Knutson Bottom Lease and in any "extension, renewal, or substitute lease."

Later, the Defendant acquired a new lease, known as the Knutson Top Lease, which covered some of the same lands as the Knutson Bottom Lease.  The Defendant did not give Plaintiff sufficient notice of new lease or an opportunity to purchase a proportionate share of the lease.  The Defendant also has not paid the Plaintiff any proceeds from oil produced on lands covered by the Knutson Top Lease.

The Plaintiff alleges that the Defendant breached the Middle Mist JOA by failing to give proper notice or an opportunity to purchase.  The Plaintiff also alleges that the Defendant breached the implied covenant of good faith and fair dealing in the Middle Mist JOA by intentionally choosing not to drill on lands covered by the Knutson Bottom Lease, allowing that lease to expire, and then acquiring the Knutson Top Lease solely for the purpose of avoiding having to pay the Plaintiff royalty proceeds.  Finally, the Plaintiff alleges that it owns an

overriding royalty interest in the Knutson Top Lease because it is an "extension, renewal, or substitute lease" under the terms of Assignment No. 3.

## II.  Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Here, the Defendant filed timely Objections to the Report and Recommendation on the Motion to Dismiss.  The Court therefore reviews the Defendant's Motion to Dismiss *de novo*.  *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Under Fed. R. Civ. P. 72(a), the Court reviews a magistrate judge's ruling on non-dispositive motions under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 56 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D.Colo. 1996).  Accordingly, the Plaintiff's Objections to the Magistrate Judge's Order denying its Motion to Compel Production will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made."  *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III.  Analysis

### A.  Motion to Dismiss

The Complaint (**#5**), as originally filed, asserted claims for (1) breach of contract for failure to notify the Plaintiff of the Knutson Top Lease as required by the Middle Mist JOA; (2) breach of the implied covenant of good faith and fair dealing in the Middle Mist JOA for not

drilling on lands covered by the Knutson Bottom Lease; (3) "specific performance" of the

Defendant's obligation under the Middle Mist JOA to offer the Plaintiff a share in the Knutson

Top Lease; (4) declaratory relief in the form of a judgment declaring that Plaintiff holds an

interest in the Knutson Top Lease and ordering the Defendant to pay proceeds on that interest;

(5) breach of fiduciary duty for failing to give notice of the Knutson Top Lease and failing to

drill on lands covered by the Knutson Bottom Lease; and (6) an accounting of all proceeds of

production that Defendant has received from the Knutson Top Lease.

The Defendant moved to dismiss the claims under Fed. R. Civ. P. 12(b)(6).  On March

12, 2015, the Court issued an Order **(#56)** granting in part and denying in part the motion to

dismiss.  As to the substantive claims, the Court found that the Complaint sufficiently pled

claims for breach of contract and breach of the implied covenant of good faith and fair dealing,

but that it had not sufficiently pled a claim for breach of fiduciary duty.  Specifically, the Court

found that the Complaint did not allege a fiduciary relationship between the parties or that the

Defendant breached a duty separate from its contractual duties.  The Court granted the Plaintiff

"14 days leave to amend the Complaint to cure the pleading deficiencies identified herein."

Thereafter, on March 27, 2015, the Plaintiff filed the Amended Complaint **(#58)**.

Although the Amended Complaint does not significantly change the factual allegations, it asserts

slightly different claims for relief.  The Amended Complaint no longer asserts a claim for breach

of fiduciary duty.  Instead, it asserts a second claim for breach of the implied covenant of good

faith and fair dealing.  This new claim, in substance, is premised on the allegation that in

Assignment No. 3, the Plaintiff retained an overriding royalty interest in the Knutson Bottom

Lease and any "extension, renewal, or substitute lease."  (The clause providing for continuation

of the overriding royalty interest is referred to as an "anti-washout clause.")  The claim alleges

that the Plaintiff owns an overriding royalty interest in the Knutson Top Lease by virtue of the

anti-washout clause in Assignment No. 3 and that the Defendant breached the duty of good faith

and fair dealing by not paying the Plaintiff any proceeds on such interest.

The Defendant now moves to dismiss the Amended Complaint.  The Defendant argues

that the Plaintiff exceeded the Court's March 12, 2015 Order granting leave to amend because it

did not amend the fiduciary duty claim and instead added an entirely new claim for relief without

otherwise filing a proper motion to amend.

Court finds that the March 12, 2015 Order can reasonably be understood as granting an

opportunity to the Plaintiff to save the breach of fiduciary duty claim, if possible.  The Court

granted leave to "cure the pleading deficiencies identified" in the Order, the only deficiencies

being those associated with the breach of fiduciary duty claim.  In the Amended Complaint, the

Plaintiff makes no attempt to save the breach of fiduciary duty claim and instead inserts a new

claim for relief.  The Court notes that the Amended Complaint was filed long after the

September 11, 2014 deadline for amendment established by the Scheduling Order (**#31**), and at

no time prior to the deadline did the Plaintiff give any notice of its intent nor make any request to

amend the Complaint in order to assert a new legal theory for recovery.  To amend after the

deadline, the Plaintiff typically would be required to satisfy a two-part test under Fed. R. Civ. P.

16(b) and 15(a).

However, as noted, the Amended Complaint does not make significant changes to the

factual allegations as set forth in the original Complaint.  Instead, the new claim for relief

appears to simply assert a new legal theory.  And, the allegations to support it are generally the

same as those supporting the Plaintiff's original claim for a declaratory judgment that it owns an

interest in the Knutson Top Lease (the Court reads that claim broadly to mean both a working

interest and an overriding royalty interest).  The new claim clarifies that the source of the

Plaintiff's overriding royalty interest is Assignment No. 3 and that it seeks payment on such

interest.  Under these circumstances, the Court denies the Motion to Dismiss the Amended

Complaint in so far as it clarifies factual allegations with regard to the claims as asserted in the

original Complaint.  The Motion to Dismiss is granted, however, as to the newly stated claim for

breach of the duty of good faith and fair dealing because no showing has been made pursuant to

Fed. R. Civ. P. 16(b) and 15(a).  Accordingly, the Court overrules the Defendant's Objections

and adopts the Report and Recommendation.  The Motion to Dismiss is granted in part and

denied in part.

### B.  Motion to Compel Production

During discovery, the Plaintiff requested that the Defendant produce all documents

related to the titles of the Knutson Top Lease, including title opinions.  The Defendant withheld

three title opinions related to the Knutson Top Lease on the basis that they were protected by the

attorney-client privilege.  According to the Defendant, the opinions were prepared by outside

counsel for the purpose of giving legal advice regarding the title of lands covered by the Knutson

Top Lease.

Thereafter, the Plaintiff moved to compel **(#68)** the Defendant to produce the title

opinions.  The Plaintiff did not dispute that the opinions were privileged when they were given to

the Defendant, but it argues that the Defendant impliedly waived the privilege as to at least two

of the opinions because the Defendant voluntarily disclosed the opinions to a third-party, Plains

Marketing, L.P. ("Plains"), during the course of conducting business.

The Defendant does not dispute that two of the title opinions were sent to Plains.

However, relying on *Alliance Const. Solutions, Inc. v. Dep't of Corr.*, 54 P.3d 861 (Colo. 2002),

the Defendant argued that its disclosure does not waive the privilege because "[i]t is well settled that confidential and privileged communications shared with a party's independent contractor remain protected under Colorado law."  According to the Defendant, Plains was its "independent contractor" responsible for purchasing the Defendant's oil and also for "ensuring [the Defendant's] compliance with its legal and contractual obligations through the payment of royalties and taxes owed from [the Defendant's] oil production."  The Defendant therefore argued that the title opinions were privileged.

On referral, the Magistrate Judge determined that although the title opinions were relevant under Rule 26(b)(1), they were privileged under the test set forth in *Alliance*.  The Plaintiff filed Objections **(#98)** to the Magistrate Judge's Order, arguing that the Magistrate Judge misapplied the law with regard to waiver of the attorney-client privilege.

Federal Rule of Civil Procedure 26(b)(1) requires production of nonprivileged material relevant to a party's claims or defenses.  When, as here, the Court's subject matter jurisdiction is premised on diversity under 28 U.S.C. § 1332, the Court must apply Colorado's law governing the attorney-client privilege.  *See* Fed. R. Evid. 501.

Under Colorado law, the attorney-client privilege applies to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations.  *People v. Trujillo*, 144 P.3d 539, 542 (Colo. 2006). Colorado has codified the privilege in C.R.S. § 13-90-107(1)(b), which provides that "an attorney shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment . . . ." The privilege applies only to statements made "in circumstances giving rise to a reasonable expectation that the statements will be treated as confidential."  *Wesp v. Everson*, 33 P.3d 191,

197 (Colo. 2001).  Whether the privilege applies must be determined with respect to each specific communication.  *Id.*

The attorney-client privilege is not absolute.  The privilege is held by the client, who may waive the privilege, either expressly or impliedly.  *Id.*; *see also People v. Trujillo*, 144 P.3d 539, 543 (Colo. 2006).  "To prove an implied waiver, there must be evidence showing that the privilege holder, by words or conduct, has impliedly forsaken his claim of confidentiality with respect to the communication in question."  *Wesp*, 33 P.3d at 198.  A client may impliedly waive the attorney-client privilege by placing the privileged communication at issue or by disclosing the privileged information to a third party.  *Trujillo*, 144 P.3d at 543.  The burden of establishing that a waiver occurred is on the party seeking to overcome the privilege.  *Wesp*, 33 P.3d at 198.

In *Alliance*, the Colorado Supreme Court addressed whether communications between a governmental entity's independent contractor and the entity's counsel are protected by the attorney-client privilege.  *See Alliance Const. Solutions, Inc. v. Dep't of Corr.*, 54 P.3d 861, 862 (Colo. 2002).  The defendant in that case, the Colorado Department of Corrections (DOC), contracted with the plaintiff to construct a new prison, but ultimately terminated the contract. The plaintiff sued, alleging wrongful termination.  Later, the plaintiff sought to discover communications made between the DOC's legal counsel and its independent contractor.  The independent contractor had been hired by the DOC to serve as project manager for the prison construction project, which was the subject of the underlying litigation.  *See id.* at 863-64.  The Colorado Supreme Court analogized the situation to one where communications are made in the corporate context (between employees and counsel), and it emphasized that the purpose of the privilege is to protect communications made to the attorney in order for him or her to provide sound legal advice.  *See id.* at 865-66.  The court reasoned that when an independent contractor

8

is, in all relevant aspects, the functional equivalent of an employee, it makes little sense to create a formal distinction between an employee and an independent contractor. *See id.* at 869. Thus, the court held that there are circumstances when the attorney-client privilege protects communications between a governmental entity's independent contractor and the entity's counsel. *See id.* To determine whether the privilege applies, the court adopted a four-part test. First, "the information-giver must be an employee, agent, or independent contractor with a significant relationship not only to the governmental entity but also to the transaction that is the subject of the governmental entity's need for legal services." *Id.* If the party seeking protection satisfies the first part of the test, it must then show three additional elements: (i) it must show that the communication was made for the purpose of seeking or providing legal assistance; (ii) the party must show that the subject matter of the communication was within the scope of the duties provided to the entity by its employee, agent, or independent contractor, and (iii) the party must show that the communication was treated as confidential and only disseminated to those persons with a specific need to know its contents. *Id.* 869-70.

The Court understands the Defendant to rely on *Alliance* for the proposition that the attorney-client privilege protects communications it made with Plains, its independent contractor, and therefore the title opinions it gave to Plains. The Court has some doubt that Plains was an independent contractor of the Defendant and thus whether the *Alliance* test is applicable for that reason. Assuming, without deciding, that Plains is indeed an independent contractor, the Court finds that the Defendant has failed to establish that the communication at issue here (the giving of the title opinions to Plains) is protected by the attorney-client privilege.

The factual scenario here fundamentally differs from that addressed in *Alliance*. In *Alliance*, the independent contractor (agent of the governmental entity) gave information to the

attorney for the governmental entity. The question presented was whether the communications between the independent contractor and the attorney for the governmental entity were as protected as conversations between the governmental entity and its attorney would have been. In this case, however, there are no communications between Plains and the Defendant's lawyer. Whatever business the Defendant had with its attorney resulted in the title opinions. The Defendant's transfer of those opinions to Plains had nothing to do with its representation by its attorney in preparing them. Indeed, the Defendant sent the opinions to Plains simply for the business purpose of having Plains distribute the appropriate royalty amounts. There is no showing that Plains acted as the Defendant's agent in dealing with Defendant's attorney. Thus, *Alliance* is inapplicable.

The Court therefore turns to the issue of waiver. The Plaintiff does not dispute that the title opinions were privileged communications between the Defendant and its attorney. Instead it contends that the Defendant waived the privilege when it disseminated the opinions to Plains. The Court agrees[1]. The Defendant was the privilege holder, but waived such privilege when it disseminated the title opinions to Plains, a third-party. The Court therefore reverses and vacates the Magistrate Judge's September 8, 2015 Order denying the Plaintiff's Motion to Compel Production of Title Opinions.

---

[1] The Court recognizes that in Colorado there is an exception to the general rule of waiver. The common interest doctrine provides that communications shared with third persons who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client privilege. *See Black v. Southwestern Water Conservation Dist.*, 74 P.3d 462, 469 (Colo. App. 2003). The privilege will applies only to communications given in confidence and that are intended and reasonably believed to be part of an on-going and joint effort to set up a common legal strategy. *Id.* However, the Defendant has not made any argument or presented any evidence with regard to the common interest doctrine. The Court therefore declines to express any opinion as to its applicability.

## IV.  Conclusion

For the forgoing reasons, the Court **OVERRULES** the Defendant's Objections **(#99)** and **ADOPTS** the Report and Recommendation **(#94), as explained in this Order**.  The Defendant's Motion to Dismiss First Amended Complaint **(#59)** is **DENIED, in part, and GRANTED, in part**.

Further, the Plaintiff's Objections **(#98)** to the Magistrate Judge's September 8, 2015 Order denying the Plaintiff's Motion to Compel Production of Title Opinions are **SUSTAINED**. The Order **(#95)** is reversed and vacated.  The Plaintiff's Motion to Compel Production of Title Opinions **(#68)** is **GRANTED**.  Within the next 14 days, the Defendants are ordered to disclose to the Plaintiff the two title opinions that were provided to Plains.  Should the Plaintiff wish to file a supplemental response to the pending Motion for Summary Judgment, it may move for such relief no later than 21 days after receipt of the documents.

Dated this 23rd day of December, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge